## UNITED STATES v. THOMAS.
### No. 1564–M.

District Court, S. D. Florida.
May 11, 1934.

John W. Holland, U. S. Dist. Atty., of Jacksonville, Fla., and W. Sanders Gramling, Asst. U. S. Dist. Atty., of Miami, Fla., for the United States.

Lloyd C. Hooks, of Miami, Fla., for defendant.

RITTER, District Judge.

This cause comes on to be heard upon the petition of the defendant for the return of a $1,000 bill, lawful money of the United States, under the following state of facts:

On January 31, 1928, Thomas was arraigned before the Honorable John F. Spitler, United States Commissioner, on complaint and affidavit charging the violation of the National Prohibition Act and the statutes in reference to attempted bribery, the original

transcript of said Commissioner stating, "did unlawfully possess and transport a quantity of intoxicating liquor, and did then and there attempt to bribe a Fedl. Pro. Agt. by offering and delivering to said Fedl. Pro. Agt. the sum of one thousand Dollars in lawful money, for the return to him the said W. G. Thomas, the automobile seized by said officer."

The records of the Commissioner further recite: "From the evidence of the said witnesses, it appearing to me that the laws of the United States have been violated, as charged in the complaint, and' that there is probable cause shown to believe the defendant guilty of the alleged offense, it was ordered that he give bond in the sum of $3,000. for his appearance before the United States District Court, in and for the Sou. District of Fla. to be held on April 23, 1928, at Miami."

The defendant at this hearing pleaded not guilty to the charges. The record does not disclose that the $1,000 bill was offered in evidence, but it appears from the statement of counsel that said bill was at the time introduced as evidence and taken by the Commissioner.

On April 5, 1928, a criminal information was filed against the defendant, Thomas, charging him with possession and transportation of liquor, but no bribe charge. On April 29, 1928, the defendant pleaded guilty and was sentenced. On November 29, 1933, on motion of the United States district attorney, ex parte, to forfeit the said alleged bribe money, an order of forfeiture was entered. April 2, 1934, a motion was made by the defendant to vacate the order of forfeiture and petition for the return of the money. April 6, 1934, the motion to vacate was granted. The government has answered the petition for return, and issue thereon has been joined.

The government asserts the right of forfeiture under section 570, title 18, USCA, which provides: "All' moneys received or tendered in evidence in any case, proceeding, or investigation in any United States court, or before any officer thereof, which have been paid to or received by any official as a bribe, shall after the conclusion and final disposition of the particular case, proceeding, or investigation in which it was received as evidence, be deposited in the registry of the court to be disposed of under and in accordance with the order, judgment or decree of the said court, to be subject, however, to the provisions of section 852 of Title 28."

Turning to said section 852 of title 28, we find it provides that no money so deposited can be withdrawn except by order of the court and provides further: "Any person or persons or any corporation or company entitled to any such money may, on petition to the court from which the money was received, or its successor, and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant, and the money deposited as aforesaid shall constitute and be a permanent appropriation for payments in obedience to such orders."

The $1,000 bill was deposited in the custody of the court, the statutes of limitation has run against prosecution for the offense, no information or indictment has been filed charging attempted bribery, and it appears that after the hearing before the Commissioner, the government evidently did not think the attempted bribe charge could be sustained and dropped further proceeding. The defendant has not pleaded guilty to any such charge nor been sentenced thereon. The question presented is: What right or title has the government to this $1,000 bill?

The question turns upon the construction of the aforesaid section.

This section evidently contemplates a trial should be had upon this question of bribery and a finding thereon made and a judgment entered. The money is deposited in the registry of the court for the very purpose of ascertaining whether it was bribe money. There has been no case before the court in which it could determine that question. The government has abandoned the charge. The petition has been properly filed under section 852. The $1,000 bill was deposited in the registry of this court as evidence. It has never been required as evidence. There is no testimony that it is bribe money. The petitioner, the defendant, has never parted with the title of the same or was any order of court entered which would warrant the government holding the money. I can find no case similar to the facts here, and I decide the same upon a reasonable interpretation of the statute and upon principles of justice and common honesty on the part of the government.

The petition is granted and the clerk of this court is ordered to deliver and pay over to W. G. Thomas, the claimant, the said $1,000.